### MARTHA E. WILEY v. WM. C. WILEY.

1. A divorce *a vinculo* having been decreed by the district court on the cross-bill of the wife, she appealed from the allowance as alimony of fifty dollars per annum for twelve years. This court affirms the decree divorcing the parties, but reverses and renders as to the alimony; and decrees that the husband pay annually to the wife one hundred dollars as alimony, and also pay one hundred dollars for her counsel fees; and enjoins the husband from disposing of his property for the purpose of avoiding payment, declaring all such dispositions to be void; and finally, directs the district court to make all necessary orders to enforce this decree. (The husband's property was small and encumbered; but the wife was destitute, and the court regards the case as most aggravated on the husband's part.)

APPEAL from Smith. Tried below before the Hon. Samuel L. Earle.

The appellee commenced this suit for a divorce from his wife, the appellant, in March, 1869. The parties had not then been married a year. He was the survivor of two previous wives, by

each of whom he had children living. She was a widow, with one child. The appellee charged her with cruel treatment of his small children by her last predecessor, and also with adultery—elaborating the allegations with a good deal of detail and apparently with much gusto.

She not only denied his charges *in toto*, but recriminated him in a cross-bill, charging him with violence to her person and other brutal and cruel treatment of her.

A divorce from the bonds of matrimony was decreed by the court below, on a verdict which established the charges made by her against him. The verdict made no reference to his charges against her; nor is there any statement of facts upon the issue involved in the decree for the divorce, which is not appealed from by either party.

This appeal is taken by the wife from the decree made by the court below after the divorce, but at the same term, awarding alimony to the wife. It allowed her fifty dollars per annum for twelve years. The amount of the husband's means and of the community property was a controverted matter between the parties. The appellant desired to have it submitted as an issue to the jury which was empanelled on the divorce; but the court refused, and subsequently passed upon it without the intervention of a jury. The appellee was required to file an inventory of his estate. It showed the total value of all property under his control to be only about $5000, of which part was returned as separate property of one of his previous wives; and it further showed a large indebtedness against him and against the community estate of himself and the appellant. In short, according to his inventory, his own separate estate, and the community with the appellant, fell considerably short of the indebtedness.

The appellant had nothing when she married the appellee, and was equally destitute when driven from him, shortly before the suit, by his alleged cruelty.

The court below made no allowance for her counsel fees, and this together with the alimony, was the subject of the controversy involved in this appeal.

*S. P. Donley*, for the appellant, filed a learned and elaborate argument, citing many more authorities than can be here inserted. Among them were the following : In Cartwright v. Cartwright, 18 Texas 526, 544, the decree was affirmed so far as to decree the divorce, but remanded as to questions of property.

The court may make such a division of the community property as shall appear to be equitable and just.  Trumble v. Trumble, 15 Texas, 20.

The use of the separate property may be decreed for the support of the children.  (Fitts v. Fitts, 14 Texas, 450.)

See Rice v. Rice, 21 Texas, 66, 67.  Where, it is said, the court has authority not merely to partition the separate property from the community, and to divide the latter, but in cases where the circumstances require it, to place the whole of the property, both separate and community, in the hands of the trustee, to be under the supervision of the court, for the support and education of minor children.

If the children had been entrusted to the father, he would have been bound for their support; if to their mother, the funds, if there be any, must have been furnished by the father for their support.  (Ib. 68.)

The court may decree the use of the property for some period to the use of the children, reserving the fee of the property in the husband, to be enjoyed by him after the expiration of the trust estate for the children.  (Ib. 69.)

Pending a bill for divorce by wife to which husband had demurred, on the petition by plaintiff that she was destitute, the court allowed $30 a month for her support.  (Mix v. Mix, 1 Johnson Ch., 108.)

Upon a bill by husband for divorce, on ground of wife's adultery, he will be ordered, on application, to make her an allowance to defray the expenses of her defense and for her support pending the suit, although he presents affidavits to show the guilt of the wife. (Osgood v. Osgood, 2 Paige, C. R., 621.)

When alimony is allowed a wife pending a suit against her husband on separation, it is allowed much more sparingly than that which is assigned her as a permanent provision after a decree in her favor. (Lawrance v. Lawrance, 3 Paige, 267.)

The temporary alimony allowed the wife pending a suit for separation, must be limited to her actual wants, until the termination of the suit in her favor establishes the fact that she is entitled to a more liberal allowance. (Genard v. Genard, 4 Paige, 643 ; Ib. 45.)

Upon a decree *a vinculo*, the court has power under the statute to decree a provision for the wife for life, though it should continue beyond the life of the husband. (10 Paige, 20.)

Upon a bill by the husband for divorce, he cannot excuse himself from furnishing her money to carry on her defense, on the ground of poverty. (Parcell v. Parcell, 3 Edw. Ch., 194.)

In order to authorize a decree for the wife, it must be proved that the separation was caused by the improper conduct of the husband. (Wallingsford v. Wallingsford, 6 Har. & J., 485.)

If alimony be decreed and not paid as directed, a *fi. fa.* may issue to collect it, on motion of the wife. (Hewitt v. Hewitt, 1 Bland, 101.)

The husband may be required to give security to perform the decree adjudging him to pay alimony. (1 How., 347.

Courts of chancery in this country, like ecclesiastical courts in England, grant divorces *a vinculo*, and decree alimony to a wife cruelly treated by her husband. (Lockridge v. Lockridge, 3 Dana, 28.)

A third of the annual value of the husband's estate is as much as has been usual for alimony. (Ib. 31.)

*Robertson & Herndon,* for the appellee.

MORRILL, C. J.—Upon an examination of the record in this case, we have come to the conclusion that we have seldom heard more serious charges preferred against a woman, than was prefered by the husband against his wife in this case. Indeed it is difficult to imagine any thing more disreputable. As the jury have ignored these charges, and as the husband has not furnished us the least particle of evidence to sustain the charges, and as also the jury have sustained by their verdict the charges and allegations made by the wife in the nature of a cross bill, in her answer against the husband, we affirm the judgment of the district court in granting the divorce in favor of the wife against her husband.

It is further considered that the decree relative to the division of the property be reversed, and proceeding to render such a decree as the district court should have entered, it is ordered and decreed that W. C. Wiley pay annually on the first day of July of each and every year to Martha E. Wiley one hundred dollars, during her life or until she may marry ; the first payment to be made on the first day of July, 1870. It is further decreed that an additional hundred dollars be paid by the said W. C. Wiley to Martha Wiley, to enable her to pay her attorney's fees herein, and that the said W. C. Wiley pay all costs in this suit expended. And the said W. C. Wiley is hereby ordered and directed to refrain from selling or disposing of his property for the purpose of avoiding paying the amount herein ordered ; and all sales made by the said W. C. Wiley for this purpose are hereby decreed to be void. It is further decreed that the district court make such orders and decrees as may be necessary to enforce this decree.

Reversed as to alimony, and rendered.